OF

# THE SUPREME COURT

OF THE

# STATE OF ILLINOIS,

## JUNE TERM, 1854, AT OTTAWA.

---

Josiah Dwight, impleaded, &c., Appellant, *v.* John Newell, Appellee.

### APPEAL FROM McHENRY.

One of several executors may assign a promissory note, made payable to the testator.
A promissory note signed by several parties assuming to represent a printing company, will, when presented as proof, entitle the party to a judgment; unless a plea, verified by affidavit, puts in issue the authority of the parties making the note, to bind the other members of the company.

This cause was heard before J. G. Wilson, Judge, at the March term, 1854, of the McHenry Circuit Court.
The opinion of the court furnishes a statement of the case.

C. McClure, for appellant.

Glover and Cook, for appellee.

Treat, C. J.   This was an action of assumpsit, brought by Newell against Petrie and twenty-five other persons, sixteen of

Dwight *v.* Newell.

whom were served with process. The plaintiff recovered a judgment therein, which was reversed in this court. See Petrie *v.* Newell, 13 Illinois, 667. On the remanding of the cause to the circuit court, the plaintiff filed an amended declaration. The first count alleged in substance, that, on the 15th of January, 1847, the defendants, together with Hutchins and Coombs, since deceased, by the name and style of the "McHenry County Printing Company, J. Dwight, Treasurer," made their certain promissory note, whereby they promised to pay one day after date to James Hutchins, or order, the sum of $102.33, with interest, for value received; that the payee afterwards departed this life, and that Henry Petrie and Emily H. Hutchins, the executor and executrix of his estate, assigned the note to the plaintiff. The second count alleged in substance, that the defendants, and Hutchins and Coombs, since deceased, made their promissory note, by the name and style, and in the words and figures following: "Woodstock, Jan. 15, 1847. One day after date, for value received, the McHenry County Printing Company promise to pay to James Hutchins, or order, one hundred and two and $\frac{33}{100}$ dollars, with interest. J. Dwight, Treasurer." Whereby the defendants promised to pay said Hutchins the sum of money in said note specified, according to the tenor and effect thereof; that the payee afterwards died, and Emily H. Hutchins, his executrix, assigned the note to the plaintiff. The third count alleged in substance, that on the 1st of June, 1846, the defendants, with Hutchins and Coombs, since deceased, by the name and style of "For the McHenry County Printing Company, James Hutchins, Henry Petrie, S. C. Brown, finance committee," made their promissory note of that date, whereby they promised by that name and style to pay to James Hutchins, or order, $111.52, on demand, and interest annually, for value received; that the payee afterwards died, and Petrie and Hutchins, the executor and executrix of his estate, assigned the note to the plaintiff. The fourth count alleged in substance, that the defendants, and Hutchins and Coombs, since deceased, made their promissory note, by the name and style and in the words and figures following:—

"Woodstock, 1st June, 1846.

"For value received of James Hutchins, we promise to pay him, or order, one hundred and eleven $\frac{52}{100}$ dollars, on demand, and interest annually. For the McHenry County Printing Company,     JAMES HUTCHINS,  ⎫ Finance
                                                 HENRY PERTIE,  ⎬ Committee."
                                                 S. C. BROWN,  ⎭

Whereby the defendants promised to pay said Hutchins the sum of money in said note specified, according to the tenor and effect thereof; that the payee afterwards died, and Emily H. Hutchins, the executrix of his estate, assigned the note to the plaintiff.

Two pleas were filed on behalf of the defendants. generally. The first was non assumpsit; the second was to the fourth count, and it averred in substance, that Henry Petrie was a joint executor with Emily H. Hutchins of the estate of James Hutchins, at the time of the assignment of the note to the plaintiff. A demurrer was sustained to this plea.

On the trial, the plaintiff read in evidence two promissory notes, corresponding precisely with those copied into the second and fourth counts of the declaration; and which were assigned to the plaintiff by Henry Petrie and Emily H. Hutchins, as executor and executrix of James Hutchins. He also introduced the last will of James Hutchins, and the letters testamentary of Petrie and Hutchins, as executor and executrix of his estate. On this evidence, the court rendered judgment against the defendants who were served with process, for the amount of the notes and interest.

1. The second plea raises the question, whether one of two executors can assign a promissory note given to the testator, so as to vest the legal interest in the assignee. This question must be answered in the affirmative. It is well settled by authority, that one of two or more executors possesses the power of disposing of the personal assets of the testator as fully as when all join in the act of transfer. They have a joint and entire authority over the personal estate, and the *bonâ fide* acts of one in respect to that estate are binding upon the whole. They constitute in law but one person representing the testator, and the act of one is deemed to be the act of all. Thus, a term of years passes by the assignment of one of several executors. A release of a debt by one, binds all. A sale of a chattel by one, transfers the title to the purchaser. And one executor may assign a promissory note, made payable to the testator. The act of one is regarded as the act of all. Bacon's Ab., Executors and Administrators, D; Williams on Executors, 683; Wheeler *v.* Wheeler, 9 Cowen, 34; Murray *v.* Blatchford, 1 Wend. 583; Bogert *v.* Hertell, 4 Hill, 492.

2. Was the plaintiff entitled to judgment on the evidence? The principles of the common law would require him to prove that the defendants composed the printing company, and that the persons executing the notes had authority to bind them in

the capacity assumed. But our statute has changed the law in this respect. It provides, that, " In actions upon contracts, express or implied, against two or more defendants, alleged to have been made or executed by such defendants, as partners or joint obligors or payers, proof of the joint liability or partnership of the defendants, or their Christian or surnames, shall not, in the first instance, be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or the filing of pleas denying the execution of such writing, verified by affidavit, as required by law." R. S. ch. 40, § 8. This provision was clearly applicable to the case, and dispensed with the' necessity of the proof indicated. The declaration was against the defendants as the joint payers of two promissory notes. It alleged that by a particular name and style, they promised to pay certain sums of money. These allegations brought the case within the operation of the statute, and relieved the plaintiff from the production of any other proof, than the instruments described in the declaration. In order to compel him to show in addition, that the defendants were members of the printing company, and bound by the acts of those executing the notes, the defendants should have put these questions in issue by plea verified by affidavit, in the mode pointed out in § 14, ch. 83, R. S. Failing to pursue that course, they admitted the genuineness of the notes, and their liability as the makers thereof. The cases of Stevenson v. Farnsworth, 2 Gilm. 715, and Warren v. Chambers, 12 Ill. 124, render any further discussion of the question unnecessary.

The judgment is affirmed.

*Judgment affirmed.*