## Fowler vs. Bender.

The declaration alleged that the note sued on was made payable to " D. Bender:" the note filed on oyer was made payable to " D. Bender & Co." (with lines across the "& Co."): the defendant's plea, not sworn to, alleged that the note was not made payable to " D. Bender" as alleged in the declaration; but to D. Bender and one James A. Henry partners, etc., by the name of " D. Bender & Co.:" *Held* that the plea was, in legal effect, a special plea of *non est factum*; that under the Statute, the plea should have been verified by affidavit: that for want of an affidavit it was properly stricken from the files.

*Appeal from Pulaski Circuit Court.*

The Hon. John J. Clendenin, Circuit Judge.

This cause was argued by Mr. Fowler, the appellant, and Mr. Bertrand for the appellee.

Mr. Justice Hanly delivered the opinion of the Court.

Appellee brought debt against the appellant, in the Pulaski Circuit Court, counting on a writing obligatory. The writing sued on is described as having been made by the appellant to the appellee, by his style and name of " D. Bender." Oyer was prayed, and granted by filing the writing declared on, which corresponds in every particular with its description in the declaration, except that immediately after the name of the payee "D. Bender," the word " *& Co.*" seem to have, at one time, existed, but which appear to have been canceled by means of lines drawn across them.

Appellant filed a plea in the words following, *to wit:* " that he, the said defendant, did not, in manner and form, as in said declaration set forth, make the said writing obligatory then and there, and of that date, sealed with his seal, and thereby pro-

mise one day after date thereof to pay to the said plaintiff or order, as in said declaration alleged, the said sum of —— dollars, etc., etc.; but that the said writing obligatory, in the said declaration mentioned, was by him the said defendant then and there made and delivered, and made payable to the said David Bender and one James A. Henry, who were then and there doing business together as merchants and partners, under the name, style and firm of " D. Bender & Co." and made payable to them by the said name, style and description of " D. Bender & Co.," and not to the said D. Bender alone, as is in said declaration alleged: nor did the said plaintiff then and there, nor has he, at any time since, had, nor has he now, the sole legal interest in and to the said writing obligatory: but the said James A. Henry, as such partner, was then and there, and has ever since been, and still is, a joint legal owner of the said writing obligatory with the said plaintiff, and this the said defendant is ready to verify, etc." This plea was not " supported by the affidavit of the party pleading" it, nor otherwise " verified by the affidavit" of any other person. For this reason, the appellee moved to strike it from the files, in the cause, and the motion to strike out was sustained, and appellant excepted. No farther step was taken by the appellant in the Court below to defend the action. Judgment by *nil dicit* was rendered for the amount of the writing sued on, with damages and costs. From this judgment an appeal was taken, and the appellant *here* insists that the Court below erred in striking out his plea. This is the only question that we are called upon to determine.

With the view of solving the question presented for our consideration, we will proceed to determine the legal effect of the plea stricken out.

The appellant absolutely avers, in the first part of his plea, that he did not make the instrument set out in the declaration. His language is, " that he, the said defendant, did not in manner and form as in said declaration set forth, make the said writing obligatory then and there of that date," etc. etc. If the plea had concluded here, there could have been no doubt as to its legal effect. It would have been conceded, at once, to be a

plea of general *non est factum*. But the pleader seems to have been unwilling that this general denial of the execution of the writing obligatory declared on, should go upon the records, and that too even without oath or affirmation of its verity and truth. He, therefore, in a subsequent part of the plea qualifies *in language*, and seemingly attempts to qualify *the legal effect* of that portion of his plea which we have quoted, by saying "that the said writing obligatory was by him then and there made and delivered, and made payable to the said David Bender, and one James A. Henry, who were then and there doing business together under the name and style of D. Bender & Co., and made payable to them by the said name of " D. Bender & Co." and not to the said David Bender alone," etc., etc. Does this latter portion of the plea change or alter the *legal effect* of that which precedes it? We think most clearly not. The plea continues a virtual *non est factum* of the instrument. If the instrument was not made by the appellant payable to the appellee, but was, in truth, made by him payable to appellee and another person, the averment of this would be an averment of an affirmative fact, pregnant with a denial that he made the instrument shown him on oyer. The plea does not charge that the instrument, after it was made, as it avers, to " D. Bender & Co." and came to the hands of the appellee, was altered or changed in the slightest respect. If it had done this, and even charged the erasure of the words " & Co." to have been made by appellee, or some other person by his procurement, after the execution of the writing, so as to change the legal effect of the instrument, still, the character of the plea would have been the same: it would in legal effect be a plea of *special non est factum*. Viewing this plea in all its parts, and considering it, as we have done, in all its bearings, we are forced to regard it, in effect, as a *special plea of non est factum*, and as such, under our Statute, and the tenor of a series of adjudications on the subject, should have been verified by the affidavit of the party pleading. See *Dig.* ch. 126, sec. 103. *Also, Alexander vs. Foster*, 16 *Ark. R.* 660, and cases cited.

We will now proceed to inquire into the mode by which a

party may avail himself of the defect of a want of affidavit to a plea of *general* or *special non est factum*. This subject has frequently been before this Court and it has uniformly been held that the proper mode of taking advantage of such a defect is by *motion to strike the plea from the files.* See *Wilson & Turner vs. Shannon & wife.* 1 *Eng. R.* 198; *Hardwick et al. vs. Campbell & Co.*, 2 *Eng. R.* 118; *Mayor & Ald. vs. State Bank*, 3 *Eng. R.* 227; *State Bank vs. Wood, Ib.* 506; *Williams vs. Williams,* 13 *Ark. R.* 421; *Allis vs. Bender*, 14 *Ark. R.* 625; *Alexander vs. Foster, ubi sup.*

The plea in question being in legal effect and in fact a *special non est factum,* and the law requiring such pleas to be verified by the affidavit of the party pleading them, and the record showing, as it does in the case before us, that the plea under consideration was not so verified, we are irresistibly forced to the conclusion that the Court below did not err, on the motion of the appellee to strike from the files the plea in question.

The judgment of the Pulaski Circuit Court is therefore affirmed.

Absent, Hon. C. C. Scott.