GREEN B. WALTERS, Appellant, *v.* ALEXANDER SMITH, Appellee.

APPEAL FROM SANGAMON.

The statute authorizing a party to prove total or partial failure of consideration of a note, does not go to the extent of authorizing proof to change its terms.

An indorser is not a competent witness to impeach a note he has assigned.

THIS was an action of assumpsit in the court below, brought

by the appellee against the appellant, upon an assigned promissory note, of which the following is a copy:

"$1,300. On or before the 25th day of December, 1859, I promise to pay S. N. Fullenwider, or bearer, the sum of thirteen hundred dollars, for value received.

*Sept. 30th*, 1857. G. B. WALTERS."

Indorsed—" S. N. FULLENWIDER."

Defendant plead non-assumpsit, and gave notice of special matter in defense.

The notice of special matter was in substance as follows: That defendant would prove, upon the trial of the cause, that the note sued on came into existence, and was made and executed under the following circumstances and conditions: That Fullenwider was a merchant in the town of Chatham, in Sangamon county, about the year 1857; that he became greatly involved, and was about to break; that he called several of his creditors at the place aforesaid together, amongst whom were plaintiff and defendant, who were both creditors of Fullenwider; that at the time and place aforesaid, it was supposed that Fullenwider was indebted to Smith (plaintiff) in about the sum of $1,300, and to defendant in the sum of $1,700; and that it was then and there agreed between all the parties aforesaid, that defendant should execute his several promissory notes to the aforesaid creditors of Fullenwider, as an evidence of the amount due them from Fullenwider; that the note sued upon was thus executed for the supposed amount of Fullenwider's indebtedness to plaintiff, and other notes were executed to other creditors of said Fullenwider then present; and that it was agreed between the parties at the time, that said notes should never be paid, unless the defendant should collect out of Fullenwider's books the amount of the same, and that said notes were to be paid as defendant collected the indebtedness due upon said books; that plaintiff had full knowledge of the facts, and was present, and a party to the arrangement; that afterwards, about the first of October, 1857, the arrangement was broken up by Fullenwider, with the consent of all parties, and the contract set aside—all the persons interested as aforesaid, including plaintiff, consenting to the annulling of the same.

This notice was amended as follows:

" The plaintiff will take notice that the defendant, upon the trial of this cause, will give in evidence and prove that the promissory note sued upon in this cause, with other notes, was executed by the defendant to one Samuel N. Fullenwider, upon the consideration and undertaking on the part of said Fullenwider, that he would assign over and deliver to the defendant a large amount of indebtedness due or to become due to him (Fullenwider) from third persons, and out of the proceeds of which,

when collected, the defendant was to pay said notes executed by him to said Fullenwider, and that said note sued upon was given for no other consideration whatever; and the defendant will further prove that said Fullenwider failed to deliver or assign said indebtedness so due to him, to the defendant, and that the consideration and condition upon which said note, so sued upon, was given, wholly failed, and that plaintiff, at the time said note was assigned to him, had notice of the facts."

The cause was tried by jury. On the trial of the cause, the plaintiff gave the note and assignment in evidence to the jury, and rested.

Two depositions of Samuel N. Fullenwider were then offered in evidence by the defendant, and the plaintiff thereupon objected to the giving of any testimony under the notices in this case, for the reason that said notices are so substantially defective as not to authorize the giving of testimony thereunder, and also objected to the notices as substantially defective. The court sustained the objection as to the original notice, and decided that no evidence should be admitted thereunder, and overruled the objection as to the amended notice; to which rulings of the court the defendant excepted.

The defendant again offered to read said depositions in evidence, and the plaintiff objected, and filed his exceptions to the same, because said Fullenwider was not a competent witness to impeach the validity of the note, or to show any failure of the consideration thereof.

The court sustained the objection, and refused to permit the depositions to go in evidence; to which defendant excepted.

There was a verdict and judgment for the plaintiff below, and defendant appealed.

M. Hay, and W. B. Herndon, for Appellant.

B. S. Edwards, for Appellee.

Caton, C. J. The first and only question of any difficulty in this case is, whether the first notice is sufficient to constitute a defense, if proved. It shows that the several creditors of Fullenwider met him by appointment, of whom the plaintiff and defendant were two, and in pursuance of an arrangement then agreed to by all, Walters gave his notes for the amounts of the several debts of the creditors present, as an evidence of the amounts due them from Fullenwider. That this note is one of those then given for the supposed amount due from Fullenwider to Smith. The notice further shows that it was agreed between all parties that Walters was only to pay the several notes then given, as he

should collect the debts due Fullenwider. Now, the notice nowhere states that he has not collected enough to pay all the notes, but it states that afterwards, but how long cannot be learned, the arrangement was broken up by Fullenwider, with the consent of all parties, and the contract set aside, all the parties interested, including Smith, consenting thereto. The notice does not show, except by implication, that Walters was to be empowered to collect Fullenwider's debts.

If this notice is to be understood as stating that it was the agreement that Walters should collect Fullenwider's debts and pay the proceeds over, *pro rata*, in satisfaction of the notes, as fast as he should collect the money, and that he should be liable to pay the notes only as fast as the collections would enable him to do so, it clearly states a fact which the law cannot allow him to prove. This is not an attempt to prove a want or a failure of consideration of the note, but it is an attempt to vary the terms of the note. The paper says the money should be paid on or before the 25th of December, 1859, absolutely. The offer of parol proof is, that he did not agree to pay the money, absolutely, on that or any other day, but that he only made a conditional promise that he would pay the note if he collected the money, but never without. Our statute allowing the failure or want of the consideration of a note to be proved by parol, never intended to allow parol proof to change the terms of a note which has been delivered and become operative. The rule that the writing must speak the intention of the parties, is as applicable to a note, as to any other written instrument. It is, no doubt, competent to show what the note was given for, but that alone does not constitute a defense, but in order to make out the defense, it is necessary to show that Walters did not at the time promise, as the paper says he did. This it was inadmissible to show by parol. What we said in *Lane* v. *Sharp*, 3 Scam. 566, is directly applicable to this case, and sufficiently expresses our view of the law on the subject.

But the concluding part of the notice says that the agreement was broken by Fullenwider, with the consent of all parties, and the contract set aside. What this means, we confess ourselves at a loss to understand. What agreement, and what contract, does it mean ? If the notice had previously stated that it was the agreement by Fullenwider that Walters should collect his debts, we should understand that that was the agreement broken by Fullenwider, and that he had refused to allow Walters to collect his debts, and to this the other parties consented. But it is difficult to imagine what that had to do with this note, which, as we have before seen, could not be dependent on those collections. There is no pretense that Smith agreed at that

time that this note should be given up or canceled, or should not be collected. We think the court properly held this notice insufficient.

The second notice, which was held to be good, states that this note was given to Fullenwider, in consideration that Fullenwider should assign to him an amount of indebtedness against third persons, which he afterwards failed to do, and that Smith knew this when the note was assigned to him. To prove the matter stated in this notice, Walters offered the indorser of the note as a witness, whom the court very properly held could not be allowed to impeach the note which he had assigned.

Upon the merits of the case, it is sufficient to say that the proof entirely fails to make out the defense set up in the notice.

The judgment must be affirmed.

*Judgment affirmed.*