## J. ARTHUR WALTERS

*v.*

## HENRY M. WITHERELL.

1. WITNESS — *indorser* — *not competent witness* — *to impeach note assigned by him.* An indorser is not a competent witness to impeach the validity of a note which he has assigned.

2. FORMER DECISIONS. The cases of *Walters* v. *Smith,* 23 Ill. 345; *Rives* v. *Marrs,* 25 id. 316; *Curtis* v. *Marrs,* 16 id. 509; *Webster* v. *Vickers,* 2 Scam. 295, and *Bradley* v. *Morris,* 3 id. 183, explained.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action of assumpsit, brought by the appellee against the appellant, in the Recorder's Court of the city of Chicago, and subsequently transferred to the Circuit Court of Cook county, upon six promissory notes, amounting in the aggregate to $553.30, and which notes were made and executed by the appellant, who delivered the same to one Henry McKenzie, by whom they were indorsed, and assigned to the appellee. There were two trials had of the cause by a jury, and upon the second trial, a verdict was found for the plaintiff of $584.27, upon which judgment was rendered, and the case is now brought to this court by appeal.

The single question is presented by the record, as to whether the indorser of a note is a competent witness to impeach its validity, after it has been assigned by him.

Mr. M. A. RORKE, for the appellant.

Messrs. HAINES, STORY & KING, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the trial of this case in the Circuit Court, the payee and indorser of the notes on which the suit was brought was offered as a witness to prove the notes were assigned after maturity, and that the consideration had partially failed. The court held the witness incompetent, and this ruling is assigned for error.

Whether the indorser of negotiable paper, having given it the sanction of his name, shall be permitted to impeach its consideration by his own testimony, is a question upon either side of which a large array of authorities can be cited. The point first arose in the well known case of *Watton* v. *Shelley*, 1 T. R. 296, in which Lord MANSFIELD and the other learned judges held the indorser incompetent, on the ground, that it was "of consequence to mankind, that no person should hang out false colors to deceive them by first affixing his signature to a paper, and then afterward giving testimony to invalidate it." This case was overruled by Lord KENYON and the other judges in the equally well known case of *Jordain* v. *Lashbrook*, 7 T. R. 599, and the doctrine of the latter case has since been adhered to in the English courts. In this country there has been a great contrariety of decisions in the different States. The cases are cited by Greenleaf in his Evidence, in the note to section 385. In some States the indorser has been held incompetent in all cases to prove a defense existing against the note at the date of the assignment, while in other States the rule of exclusion has been confined to cases where the note was negotiated before maturity, and in still other States the doctrine of incompetency has been rejected altogether, and the rule of *Jordain* v. *Lashbrook* followed. The distinction sometimes sought to be taken between cases where the indorsement was made before and those in which it was made after maturity, seems to us without foundation, and inconsistent with the

reason of the rule. The indorser lends the sanction of his name and faith as much by an indorsement after as before maturity. It is true, the assignee in the former case, takes the note subject to many defenses, which could not be made to a note indorsed before maturity; but the indorser, who sells a note past due without informing the purchaser of a defense to which it is liable, is as much guilty of "hanging out false colors" as if the note were not due.

There being this contrariety of decisions, the counsel for appellant urges us to consider this question as one not yet decided by this court. He insisted, that it has not yet received in this tribunal such fullness of consideration as to firmly settle the rule for this State. In this, however, we cannot agree with him. In *Walters* v. *Smith*, 23 Ill. 345, this question came before this court in a case in principle precisely like the one before us, and it was held the indorser was incompetent. It is true, the court do not in the opinion review the authorities, but it is not therefore to be supposed the case was inconsiderately decided. The same doctrine is recognized by the court in *Rives* v. *Marrs*, 25 Ill. 316, and in *Curtis* v. *Marrs*, 29 id. 509. It is urged, that a different rule is laid down in *Webster* v. *Vickers*, 2 Scam. 295, and in *Bradley* v. *Morris*, 3 id. 183. We do not thus construe those cases. In the first, the assignor was the mere agent of the plaintiff in taking the note, and having taken it in his own name, he assigned it to his principal, as the rightful owner. He did not sell the note or deceive the plaintiff by giving it the sanction of his name. In the other case, the court seems rather to recognize the general rule of exclusion, but say, that as the witness had indorsed without recourse, his testimony could not be objected to on the ground of policy. This question having been thus definitely ruled in the recent case in 23 Ill. and acknowledged in the later cases, I agree with my brethren in considering the rule as settled in this State, though my own judgment would incline to the doctrine of *Jordain* v. *Lashbrook.*

*Judgment affirmed.*