# DAVID B. DEWEY

*v.*

# WILLIAM C. WARRINER.

1. WITNESS—*indorser to impeach consideration of negotiable paper.* An indorser of negotiable paper, having given it the sanction of his own name, will not be permitted, by his own testimony, to impeach its consideration; and the rule is the same if he is maker as well as indorser.

2. ALTERATION—*how put in issue.* If the defendant desires to present to the jury the question of an alteration of the instrument sued on, by evidence and instructions, he must file the proper plea sworn to. That issue can not arise under the general issue, with notice, in writing, of special matters of defense.

APPEAL from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding.

This was an action of assumpsit, by William C. Warriner against David B. Dewey, upon a bill of exchange, drawn by the defendant, in his own favor, upon T. N. McLean, and indorsed by him to W. H. Dedrick, and by him to F. C. Coss, and by the latter to the plaintiff. The plaintiff recovered in the circuit court, and the defendant appealed.

Messrs. CRAWFORD & MARSHALL, for the appellant.

Messrs. BLANCHARD & SILVER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The main question presented by this record, as we view it, for consideration, is this: Is the indorser of negotiable paper a competent witness to impeach its consideration?

On the trial in the circuit court, on application of the plaintiff, the court excluded all the evidence of Dedrick, who was an indorser of the bill of exchange, that showed or tended to show a want of consideration of the draft, from the jury. The court also refused to permit Dewey, who was also an in-

dorser of the draft, to testify what the original consideration of the draft was.

In this we perceive no error. We are aware that on this question the authorities are not uniform in the different States, but this court has several times held, and it may be regarded as well settled in this State, that an indorser of negotiable paper, having given it the sanction of his own name, shall not be permitted, by his own testimony, to impeach the consideration of it. *Walters* v. *Smith*, 23 Ill. 342; *Walters* v. *Witherell*, 43 Ill. 388.

The weight of authority in the States is in harmony with this doctrine, and it is fully sustained by the Supreme Court of the United States. *The Bank of United States* v. *Dunn*, 6 Peters, 51.

The reason of the rule is not on account of the interest the indorser may have in the event of the suit, but it proceeds upon the ground of public policy. It is contrary to every principle of justice as well as public policy, to permit a party to give credit to negotiable paper, by his indorsement, and then, in turn, defeat it by his own evidence.

Neither can the fact that Dewey was the maker, as well as indorser, change the rule as to his evidence. He was, nevertheless, indorser, and on that account, although he sustained other relations to the paper, his evidence was properly excluded.

No other witnesses were offered by the defendant to impeach the consideration of the bill of exchange. That defense was not established on the trial. It was, therefore, not error in the court to refuse defendant's 4th, 5th, 6th and 7th instructions, as they are drawn on the theory that there was no consideration for the draft, and upon this point there was no evidence before the jury on which to predicate the instructions.

The court properly refused defendant's 8th and 9th instructions. They are based upon the hypothesis that there was evidence before the jury that the draft had been altered, and

hence was not the draft of defendant, and that an issue of that character had been formed, and was for trial by the jury.

The only plea filed by defendant was, the general issue, *not sworn to*, with notice, in writing, of special matters relied upon as a defense.

The same section of the statute which authorizes a plea of the general issue, with notice, to be filed, declares, no person shall be permitted to deny, on trial, the execution of any instrument in writing, whether sealed or not, upon which any action may have been brought, or which shall be pleaded or set up by way of defense or set-off, unless the person so denying the same shall, if defendant, verify his plea by affidavit. Gross' Statutes, page 511, sec. 21.

Had the defendant desired to present to the jury the question of the alteration of the draft by evidence and instructions, he should have filed the proper plea, sworn to. That issue did not and could not arise on a plea of general issue, with notice of special matters, in writing. *Hunt et al.* v. *Weir*, 29 Ill. 83.

We perceive no error in the modification of defendant's third instruction, or in the giving of plaintiff's instructions.

Upon the issue formed, the case seems to have been fairly presented to the jury, both as to the law and the fact, and we see no reason for disturbing the judgment. It will, therefore, be affirmed.

*Judgment affirmed.*