CITY OF CENTRAL *v.* BROWN.

PLEADING. AGENCY OF MAYOR AND CLERK — CITY WARRANTS. Where the mayor and city clerk signed and issued warrants on behalf of the city, upon which the city was sued, and a plea verified, by affidavit, denied the execution of the warrants; such plea put in issue the signatures of the mayor and city clerk, and also their authority to issue such warrants as agents of the city.

EVIDENCE. In this case it was not shown that the mayor and clerk had authority from the city to issue the warrants sued upon, or that any allowance had been made by the city council to the plaintiff for his services *Held,* that the warrants were improperly received in evidence.

### *Error to District Court, Gilpin County.*

SUIT in assumpsit; attached to the declaration as a part of the account sued on were 14 (so-called) city warrants, of which only two were specially declared on.

With others, there was filed a plea which averred that said 14 warrants constituted the whole grounds of the plaintiff's action, and denied their execution ; which plea was verified by the affidavit of the mayor of said city.

Upon the trial below, there was no other indebtedness shown in evidence by the plaintiff than that which was evidenced by said warrants.

Mr. A. P. HEREFORD, for plaintiff in error.

Mr. G. B. REED, for defendant in error.

HALLETT, C. J.   This suit was brought upon certain warrants issued to appellee by the mayor and clerk of the city, or by persons who were acting as such officers, in payment for services rendered by appellee as marshal of the city.   It appears that during the time in which the services were rendered, two bodies claimed to have and exercise the corporate powers of the city, and each had a clerk and marshal, and perhaps other officers.   The warrants in question were signed by the mayor, as to whom there was no dispute, and by the clerk of one of the councils, and attested by the seal of the city ; but there is no evidence in the record as to the authority of these officers to execute such instruments, or of any allowance to appellee made by either of the councils. The execution of the warrants was denied by plea verified by affidavit, as provided in section 14 of the practice act (R. S. 506), which was sufficient to put in issue not only the signature of the officers, but their authority to issue such

paper on behalf of the city. *Dwight v. Newell*, 15 Ill. 333 ; *Delahay v. Clement*, 2 Scam. 575. Assuming that the mayor and clerk were rightfully in office, they were agents of the city only, whose authority, when denied in the manner prescribed by statute, must be proved. The power to appropriate money and provide for paying the debts of the city, and also to fix the compensation of officers, is by the charter vested in the council. 3 Sess. 244–6. And it was not shown that appellee's demand had ever been recognized by either of the bodies claiming the right to represent the city. It is quite true that warrants issued by officers having general authority to execute such instruments, are *prima facie* evidence of the indebtedness of the corporation (Dillon's Corporations, § 411) ; but this is only true when the authority of the officers is not directly denied. In the case at bar there was nothing to show that the mayor and clerk had authority from the city to issue such paper in any case whatever, or that any allowance had been made to appellee for his services, and, therefore, the warrants were improperly received in evidence. The judgment of the district court is reversed with costs, and the cause is remanded for a new trial.                                     *Reversed.*