PARKISON v. BODDIKER.

1. Under the statute, in an action on a promissory note the answer is required to be verified only when it challenges the *manner* of the *execution* of the instrument. If threats and duress be set up as a defense, such defense is within the statute and must be sworn to.

2. Where nothing appears in the record to the contrary, the regularity of all proceedings in courts of general jurisdiction must be presumed.

*Appeal from County Court, Summit County.*

THE complaint of J. E. Parkison, plaintiff, alleges that the defendant, John C. Boddiker, made his promissory note to one Charles Merrill for the sum of $100, dated October 13, 1883, payable three days after date, with interest at two per cent. per month until paid; that said Merrill on the 15th day of October, 1883, indorsed said note to the plaintiff. The amended answer of defendant sets up the following facts as a defense: That at the request of Breeze & Breeze, as attorneys for Charles Merrill, he went to their office in Breckenridge on the 13th day of October, 1883, at which time said attorneys claimed to him that he had misrepresented the sale of certain mining property, and had deceived the said Merrill as to the amount received for the same, and that, unless he would at once pay said Merrill the sum of $100, or give his note for the payment thereof at three days, Merrill, or his said attorneys, would have him arrested and indicted on two criminal charges; that he was not allowed to see or procure counsel after the said threat was made, and that it was under the said duress that he signed said note; alleges that defendant received no value for said note; that long prior to the signing of said note there was a full and complete settlement by and between the said Merrill and defendant, in connection with the Raven mining claim, out of which this whole proceeding and transaction grew; that said note was not assigned for value to the plaintiff

before the maturity thereof. The replication of the plaintiff denies the alleged threats and duress; denies want of consideration; alleges that the note was assigned to plaintiff for a valuable consideration, and before maturity; and, as to any settlement between defendant and said Merrill, alleges that plaintiff knows nothing about it, and cannot answer, and that under the law he is not bound to answer or know anything about defendant's transactions with Merrill. None of the pleadings were verified.

Upon the trial defendant made the following offers of proof: *First.* "The fact that the said note sued upon was procured through and by fraud, and under duress, and without consideration." *Second.* "That there was collusion between Charles Merrill, the payee of the note sued upon, and J. E. Parkison, the indorsee or assignee, and plaintiff herein, to the effect that there was no value received or passed between them *bona fides.*" *Third.* "That the indorsee or assignee and plaintiff herein had full knowledge of how said note was obtained and without consideration, and that he was not a *bona fide* purchaser for value, or otherwise, before the maturity thereof." *Fourth.* "That upon the cross-examination of Charles Merrill, the original payee of the note, the defendant offered to prove the fraudulent obtaining of said note, and that no consideration was paid or given therefor." To the offer and admission of such testimony the plaintiff objected, which objection the court sustained, and to which ruling defendant excepted.

Mr. L. C. NORTHRUP, for appellant.

Messrs. J. M. and L. M. BREEZE, for appellee.

RISING, C. The assignments of error based upon the ruling of the court in sustaining plaintiff's objection to the admission of proof offered by defendant present the only questions we are at liberty to consider, except the question raised by the eighth assignment, for the reason

that to no other ruling of the court upon which an assignment is based was an exception taken.

Upon the trial the defendant offered to prove that "the note sued upon was procured through and by fraud, and under duress, and without consideration." The court sustained plaintiff's objection to the admission of the evidence. Counsel for appellee, in their argument, base their objection to the admission of this evidence upon the provisions of section 11, chapter 9, General Statutes. We do not think that the objection can be sustained upon this ground. This section of the statute provides that, "if any fraud or circumvention be used in obtaining the making or executing of any of the instruments aforesaid, such fraud or circumvention may be pleaded in bar to any action to be brought on any such instrument so obtained, whether such action be brought by the party committing such fraud or circumvention, or any assignee of such instrument, unless such instrument was negotiated before due." This statute is identical with the Illinois statute on the same subject, except that the clause, "unless such instrument was negotiated before due," is not found in the Illinois statute. This clause renders the statute inoperative to effect the purpose for which the Illinois statute was enacted. At common law the defense of fraud in procuring the execution of a note would not defeat an action by an innocent indorsee before maturity, and the Illinois statute was enacted to permit such defense to be made against an indorsee before maturity in cases where such indorsee was a holder for value, and without notice of the fraud. *Taylor v. Atchison*, 54 Ill. 196; *Hubbard v. Rankin*, 71 Ill. 129. In our statute this clause makes an exception to the application of the general provisions of the statute, and this exception takes away the whole force of the statute, so far as it attempts to change the common-law rule in such cases. The statute in no way affects the rules of pleading, but goes to the right to interpose a defense, and the

application of the statute is to be made to the facts of the case as found from the evidence. If the answer set up a defense, and the evidence offered was pertinent to prove it, it should have been admitted.

The amended answer alleges that the note sued upon was executed under duress; that defendant did not receive value for the same; that the note was not assigned for value to the plaintiff before maturity; that long before the execution of said note there was a full and complete settlement by and between the payee of said note and defendant, in connection with the Raven mining claim, out of which this transaction grew. The complaint contained a copy of the note. The answer not being verified, the question arises as to how it is affected by the provisions of section 66 of the code, which provides that " when an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and due execution of such instrument are deemed admitted, unless the answer denying the same be verified." In determining what issues, if any, are raised by the answer, the admissions made by reason of the failure to verify it must be considered. By the express provisions of the statute, the genuineness *and* due execution of the note are admitted. Code, § 66; *Watson v. Lemen,* 9 Colo. 200.

The first question presented in the consideration of this statute, in its application to this case, is the force and effect to be given to the word "genuineness." Prior to the code provision it was provided by statute that "no person shall be permitted to deny, on trial, the execution of any instrument in writing, whether sealed or not, upon which any action may have been brought, * * * unless the person so denying the same shall, if defendant, verify his plea by affidavit." This statute was repealed by the code. The provisions of the Revised Statutes and the provisions of the code are upon the

same subject, and the fact that the wording is different is an intimation that they are to have a *different* and not the *same* construction. *Rich v. Keyser*, 54 Pa. St. 86–89. From an examination of this statute it seems to us apparent that the only reason for placing the word " genuineness " in the code provision was to extend the application of the statute to a class of cases not included within the old statute; that it should cover more ground than the old one did. For the purposes of this case it is not necessary to determine to what extent the application of the new statute to cases not within the provisions of the former statute was enlarged. The fact that the new statute has an enlarged application must, in case there is a conflict in the decisions of the courts upon the construction of similar statutes, lead us to accept the construction giving to the statute the most extended application, if such construction is not clearly beyond the meaning of the statute.

It is not necessary to review the decisions which give to the statute the most limited application, but a review of the decisions which give the statute a more enlarged application may assist us in arriving at a correct conclusion in our application of the statute to this case; and such review will, as we think, show conclusively that the statute is not restricted in its application to a denial which goes only to the proper form of the execution of the instrument, and to its genuineness, as the same may appear to be genuine or otherwise upon the face of such instrument. In *Hunt v. Weir*, 29 Ill. 83, in an action of *assumpsit* upon a promissory note, the defendants pleaded the general issue, and gave notice that they would prove facts tending to show the non-delivery of the note by them. Held, that the notice went to the execution of the note, and that the evidence of the facts could not be given without plea verified. This decision makes a delivery an essential part of the execution, and this is the question decided; but the opinion seems to go further,

and indicate that the denial should go to something more than a denial of the signatures and delivery. Breese, J., speaking of the notice attached to the plea, says that by it "they call in question the execution of the note, *as a note binding on them*, and, as strong as language can do it, deny its execution as *their* note." In *Dewey v. Warriner*, 71 Ill. 198, in an action upon a bill of exchange, the only plea filed by the defendant was the general issue, not sworn to, with notice in writing of special matters relied upon as a defense. Upon the trial the court refused instructions based upon the hypothesis that there was evidence before the jury that the draft had been altered, and hence was not the draft of defendant, and that an issue of that character had been formed and was for trial by the jury. The court, following *Hunt v. Weir, supra*, say: "Had the defendant desired to present to the jury the question of the alteration of the draft by evidence and instructions, he should have filed the proper plea sworn to. That issue did not and could not arise on a plea of general issue, with notice of special matters in writing." In that case the special matter in the notice, relied on as a defense, consisted of facts which would show that the draft was not binding on the defendant; that it was not his genuine draft; not that he did not sign and deliver it, but that it was of no validity as against him. In *McWhorter v. Lewis*, 4 Ala. 198, under a special plea, the defendant offered to prove that a note signed "Alvin A. McWhorter, President W. & Coosa R. R. Company," was given by him to the plaintiff, and by the plaintiff accepted as the note of the company. Held, that the plea setting up the facts attempted to be proved must be verified in order to render the proof admissible. Upon the face of this note it was the note of the defendant. It was signed by him and delivered by him. The plea raised the question that the note was not his genuine note, because it was not taken or accepted by the plaintiff as the note of defendant, but as the note of

the company. In *Bryan v. Wilson*, 27 Ala. 208–215, it was held that "pleas which amount to nothing more than a denial of an execution of the note sued on, *in such a manner as to be binding on the defendant,* are bad unless they are verified by the affidavit required by the statute." This decision was not based upon the form or manner of execution. In *Fowler v. Bender*, 18 Ark. 262, it was held that a special plea of *non est factum* must be verified by the affidavit of the party pleading. In *Archer v. Ward*, 9 Grat. 622–631, it was held that the genuineness of a note depended, "not only upon its due execution, but also upon its having remained unaltered (in any material particular, at least) after its execution." This was held in the construction of a statute providing that, in an action upon the indorsement of a promissory note, such indorsement, with the name thereto subscribed, shall be deemed and taken to be genuine, and the name to have been subscribed by the person charged therewith, without proof of the handwriting, unless the defendant shall file with his plea an affidavit that the said indorsement was not made by the person charged therewith.

In this state, in the case of *City of Central v. Brown*, 2 Colo. 703, an action was brought upon certain warrants issued to the plaintiff by persons acting as mayor and clerk of the city. The execution of the warrants was denied by plea verified by affidavits. Held, that the plea was sufficient to put in issue, not only the signatures of the officers, but their authority to issue such paper on behalf of the city. In *City of Central v. Wilcoxen*, 3 Colo. 566–569, the holding in *City of Central v. Brown* was approved and followed; the court, in commenting upon the statute requiring a verified plea, saying: "In terms it requires a defendant, if he would deny the execution of the instrument, to file a verified plea for that purpose. Such plea would be a demand that the plaintiff should prove, not only the *signatures* of the officers who issued the warrants in behalf of the city, but also that they had au-

thority to issue them." We think these cases show that it has been recognized in this state that the old statute covered something more than the mere formal execution of the instrument. It seems to us that the cases reviewed all point to the same construction of the statute as that given by the court in *Bryan v. Wilson, supra,* and that it is clear, upon principle and authority, that a defense which amounts to nothing more than a denial of the execution of the instrument sued on, *in such a manner as to be binding on the defendants,* must be verified, to authorize the admission of evidence to support it.

Our code provision is almost a literal copy of the California code provision, and this statute was construed in *Horn v. Water Co.* 13 Cal. 62–69, where it was held that a general denial without verification admitted the genuineness and due execution of the note sued on. In *Sloan v. Diggins,* 49 Cal. 38–40, in construing this statute it was said: "An instrument is genuine which is in fact what it purports to be." This seems to be a self-evident proposition. The note in suit purports on its face to be a valid obligation on the part of the defendant for the payment of the sum therein named. To question that it is a binding obligation on the defendant is to question its genuineness; if it was not executed in such a manner as to be binding on the defendant, it is not his genuine note. If the note was signed by the defendant under such duress as is alleged in the answer herein, as between him and the payee it has no more validity than a note with his name forged to it. In Daniel, Neg. Inst. § 857, the learned author says: "Any contract entered into under duress lacks the first essential of validity,— the consent of the contractor,— and bills and notes form no exception to the rule. In 1 Pars. Cont. 392, the same principle is stated.

The duress here spoken of is such duress as renders the contract executed under it of no binding force on the party subjected to it; and, if he is not bound by the terms of the instrument so executed, it is not a genuine instru-

ment as to him. The duress set up in the answer as a defense in this case was such duress as would render a note executed under it of no binding force in a suit thereon by the payee against the maker, and the defense of such duress directly questioned the genuineness of the note, and, not being verified, the court properly rejected proof offered in support of it. The answer setting up duress of the defendant as a defense in this case should have been verified to authorize the introduction of evidence in support of it, for the further reason that this defense, as set up, amounted to a denial of the execution and delivery of the note. The delivery of the note was not the voluntary act of the defendant. He was coerced by threats, and, in the hands of the payee, such a note has no more validity than one obtained against the will of the maker by physical force. It is not necessary for the defendant to deny that he placed the note in the possession of the payee in order to deny that he delivered it to him. In *Anderson v. Walter*, 34 Mich. 113, 115, Marston, J., in the opinion, says: "A defendant cannot be required to swear that the signature appearing upon an instrument is not his genuine signature in order to deny the execution. The signature may be genuine and yet the instrument a forgery." Applying the doctrine here announced to the case under consideration, it shows beyond question that the defense of duress set up in the answer was a denial of the execution and delivery of the note.

The construction we have given to this statute is the only one that can be given to it and give to all the words therein their usual and ordinary meaning. This construction works no hardship to any party. No party should be permitted to lightly question the verity of an instrument to which the party to be charged has affixed his signature; and to require the party making the defense that such instrument is not binding on him to

verify it with his affidavit is not unreasonable. It is proper to require the verification of such a defense, to advise the plaintiff that it is made in good faith, that he may prepare to meet it, and that the plaintiff may not be required to prepare to meet such defense when the party making it will not on his oath say that it is true.

It will be observed that we hold the statute to require verification only when the plea challenges the *manner* of the *execution* of the instrument. If the signature was forged, if the instrument was never delivered, or if the signature and delivery were compelled, against defendant's objection, by threats and duress, the defense is within the statute and must be sworn to. Not so with the defenses of fraud, want of consideration and kindred defenses, connected with the inducement acting upon defendant's mind in *voluntarily* executing the instrument, even though thereby the instrument might be rendered of no binding force as between him and the original payee. The statute under consideration is a part of the chapter on pleading. It prescribes a rule of pleading, and perhaps of evidence also, in plaintiff's interest. The effect of the statute is not only to obviate the necessity of making formal proof of the execution of written instruments as formerly practiced at common law, but to prevent the defendant from relying upon and supporting by proof certain affirmative defenses, unless the same be sworn to.

The allegations of want of consideration and settlement, in the amended answer, must be considered together. The allegation relating to the settlement may be considered as a statement of facts to be relied on to sustain the allegation of no consideration. This statement of facts shows that the presumed consideration grew out of dealings between the defendant and the payee of the note, in connection with the Raven mining claim. It follows, therefore, that the question of want of consid-

eration is wholly dependent upon the allegation of settlement, and this allegation is insufficient to raise the question of want of consideration, in that it does not appear from such allegation but that upon such settlement it was found that defendant was indebted to the payee of the note in a sum equal to the amount of the note in question, and that such indebtedness was due and owing at the time the note was given. The allegation is also defective for the further reason that it fails to aver knowledge by the assignee of the alleged want of consideration.

The allegation that the note was not assigned to plaintiff for value before maturity admits the transfer; and, if unconnected with the defense of duress and want of consideration, the allegation that the transfer was without value is immaterial. This allegation is also fatally defective under the well-known rule of pleading relating to negatives pregnant.

From this examination of the amended answer we come to the conclusion that no issue was raised by it, and therefore that the rejection of proof to support the allegations contained therein was not error. It is unnecessary for us, in the determination of the questions raised upon this appeal, to consider the question whether or not the rights of an innocent holder for value of negotiable paper would be affected by duress of the maker of the character charged in the answer, and upon that question no opinion is expressed.

The eighth assignment of error, "that the court erred in not polling the jury upon the verdict," is not well taken. There is nothing in the record proper showing that the jury were not called when they were brought into court by the officer having them in charge. There is a presumption in favor of the regularity of all proceedings in courts of general and ordinary jurisdiction; and, nothing appearing in the record to the contrary, it must

be presumed that the officer in charge of the jury did his. duty.

The judgment should be affirmed.

We concur: STALLCUP, C.; MACON, C.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the county court is affirmed.

ELBERT, J. (*dissenting*). I cannot agree to the approval of the opinion of Mr. Commissioner RISING in this case. I dissent from the proposition that an answer of duress, to be available, must be sworn to.

The question of the verification of pleadings, *as such*, is dealt with in a preceding paragraph of the section construed, and it is there provided generally that when the complaint is verified the answer must also be verified. Beyond this the code lays down no rule respecting the verification of pleadings as such. In practice, proof of the due execution of contracts sued upon was often attended with difficulty, and upon the trial of a cause imposed upon litigants a hardship. Hence the enactment in most of the states of statutes similar to our own, providing that the due execution of contracts sued upon, if not denied under oath, should be *deemed admitted*. They prescribe a rule of pleading, but their object is to regulate the practice *as to a matter of evidence*. An answer of duress confesses and avoids; and that it does not come within the reason of the statute is plain, for, whether sworn to or not, *it admits in full* exactly what the statute says shall be *deemed admitted*. It admits the actual signing and delivering of the contract sued upon. It admits also the genuineness of the instrument; that is to say, that it is the *very instrument* which was signed and delivered. No burden of proof is laid, as in other cases under the statute, on the shoulders of the plaintiff, unless

the plaintiff is to be held to prove a negative, and this is not claimed in the opinion of the commissioner.

Again, it is plain from the language of the statute that it contemplates an answer which traverses. An answer which confesses and avoids is, *ex vi termini*, without the statute; it denies nothing, but alleges, affirmatively, new matter in avoidance. The answer which the statute provides for is practically the common-law plea of *non-est factum*, allowed to be interposed to instruments sued upon, whether under seal or not. This plea, at common law, operated as a denial of the execution of the instrument *in point of fact only.* Chit. Pl. 511; Gould, Pl. 300, 301. I see no reason for saying that it presents any *other* or *broader* issue under the statute because verified, or because extended to instruments not under seal. The effect, however, of the commissioner's opinion is to say that the verified answer provided for by the statute does present a *broader* issue than that presented by the plea of *non est factum* at common law; that such an answer puts in issue not only the *formal* execution and delivery of the instrument sued upon, but also its *voluntary* execution and delivery. If this be true, then it logically and inevitably follows that the defense of duress need not be pleaded specially, but may be shown under a verified answer, which, without more, denies in the language of the statute " the genuineness and due execution " of the instrument upon which judgment is sought to be obtained. At common law the defense of duress could not be given under the general issue, *non est factum*, because such a defense was inconsistent with the issue. In such case it was the defendant's *act*, notwithstanding it was not his *voluntary act*. Hence it was necessary to plead the defense of duress specially. Gould, Pl. 300, 301. Under our statute, as construed by the commissioner, this objection no longer obtains. The defense of duress is not only entirely consistent with the issue made by the verified answer, denying the genuineness and due execu-

tion of the instrument, but is part and parcel of the issue so made, and can be shown under it. The corollary is as new as the parent proposition. Another result is that the defense of duress in our practice stands solitary and alone as the one and only affirmative defense, which, to be made available, must be sworn to. The object of interpretation is to arrive at the truth. In this case, by an ingenious and more or less plausible process of reasoning, a legislative intention has been discovered which I think in fact had no existence. I think the court below erred in refusing to allow the defendant to prove the duress alleged in his answer, and that the judgment should be reversed.

*Affirmed.*