Wilson, J.
This was an action to recover against the principal and sureties upon an injunction bond. Upon the convening of the county court of Routt county at its December term, 1896, this cause stood upon a demurrer to the complaint. This was called up, plaintiffs being present in person and by attorney, but neither the defendants nor their attorney appeared. The demurrer was overruled, and the court thereupon made an order allowing the defendants until 4 p. m. of the same day to file answer. This not being done, and the defendants not appearing at that hour, a default was entered against them, and thereupon the court proceeded to hear evidence in the cause, and at its conclusion rendered judgment against the defendants. We might content ourselves with affirming this judgment simply on the ground that no irregularities of procedure being disclosed by the record, their regularity would be conclusively presumed. Martin v. Force, 3 Colo. 199; Parkison v. Boddiker, 10 Colo. 503. Through courtesy to counsel, however, we will briefly notice the points which they have energetically argned to this court, and upon which they rely for a reversal of the judgment.
Their position that it was reversible error in the court to hear and determine the demurrer without notice to the defendants that it would be taken up, is not tenable. The provisions in chapter 36 of the code requiring notice to be given of the hearing of all motions, except those made dur *261 ing the progress of a trial, do not apply to demurrers. A demurrer is not a motion, and the code nowhere requires any notice to he given of its hearing, except when heard in vacation. Even, however, if notice was required, it does not appear from the record that it was not given, and in such case, notice would be presumed. Evans v. Young, 10 Colo. 316.
Again, there is nothing in the record by which the defendants have shown or attempted to show that they were prejudiced by the failure to give notice, if such was the case. Therefore for this reason, if for no other, the objection would be overruled. Lux v. McLeod, 19 Colo. 465.
A demurrer raises an 'issue of law. Code, section 171. Clerks of courts in making up their records are required to place causes on the calendar in their order as they come to issue. Code, section 175. Code section 176 prescribes that when a cause is regularly reached upon the calendar, either party may bring the issue to a trial or to a hearing, and in the absence of the adverse party, unless the court for good cause otherwise direct, the party appearing may proceed with his case, etc. The law, therefore, without requiring any notice or motion or action of the court, fixes the time when a case may be called for trial. In Cochrane et al. v. Parker, Administrator, ante, p. 169, decided by this court during the present term, it was said: “ The fixing of a time for the trial of a cause is not an act required or prescribed by either code or statute, and it is clearly within the inherent powers of a court of its own motion to take such steps and make such orders as may be necessary to the dispatch of its business, and the disposition of causes pending on its docket. Trinidad v. Simpson, 5 Colo. 65.” In construing this section, this court said, “ The cause having been set and reached for trial, the plaintiff could legally insist upon a trial in the absence of the defendant.” Hamill v. Hall et al., 4 Colo. App. 394. We think this provision of the code and this construction of it apply, whether the issue to be heard, determined or tried was one of law raised by a demurrer, or one of fact, raised by complaint and answer.
*262 Courts of record have the power to make rules and regulations for governing their practice and procedure, in reference to all matters not expressly provided for by law. Code, section 407. Under this authority, notice to the adverse party might be required before the court would permit either party to call up a demurrer for hearing in term time as well as in vacation, or to bring a cause to trial, and a disregard or Adulation of such rule might, in some cases at least, be reversible error. We are not cited however to any such rule of the trial court by which the judgment in this cause was rendered, and therefore presume that none existed, or that it was complied with if it did exist.
Defendants also urge that it was error in the court after having overruled the demurrer to require them to ansAver upon the same day. They insist that they could not be required to do this in less than twenty-four hours. Section 74 of the code provides that when a demurrer is decided, the court may proceed to final judgment thereon in favor of the successful party, unless the unsuccessful party shall plead over or amend upon such terms as shall be just, and the court or judge may fix the time for pleading over and filing amended pleadings, and if the same be not filed within the time so fixed, judgment by default may be entered as in other cases. It Avill be seen that there is no restriction or limitation as to the time Avhich may be given by the court to the unsuccessful party within which to plead over. It has been expressly held by our supreme court that the time within which the defendant shall be so ruled is a matter Avholly Avithin the discretion of the court, and except Avhen the discretion is manifestly abused, will not be interfered with. Corson v. Neatheny, 9 Colo. 215. In this case there is nothing whatever to shoAAr that the discretion was abused, and consequently, the presumption Avill be that it was not. There is nothing to show that the defendants had any defense to the action, or that they would ever have attempted to make one, or to have filed an answer, even if thej’- had been given a much longer time. No effort was made by the defendants to set aside the default *263 •or the judgment, or to obtain relief in any manner under the provisions of section 75 of the code, as they could readily have done if they had been taken by surprise, as they now claim. In the case' last cited, the defendant was ruled to answer at 2 p. m. of the same day upon which his demurrer was overruled, and yet the supreme court refused to hold that the discretion of the trial court had been abused. In fact, so far as the matters presented in this record are concerned, it is by no means clear that there would have been such an abuse of discretion as to constitute reversible error if the court, immediately after it had overruled the demurrer, had entered a default. The defendants were absent at the time when the cause appears to have been regularly reached for hearing on the demurrer, and there was no excuse for such absence offered, and no application for any time within which to answer. The court may have very justly concluded that the defendants did not desire to make any other defense than that interposed by the demurrer.
These views are conclusive as to all of the errors discussed by the defendants. They assign error upon the overruling of the demurrer, but have made no argument whatever in support of it, either orally or by printed brief. Under these circumstances, we might fairly conclude that they had abandoned this assignment, and did not rely upon it in any particular. After an examination, however, of the complaint, and of the demurrer, we are unable to see wherein the court erred in its action in this respect.
The judgment will be affirmed.

Affirmed.