Wilson, J.
It appears that the two defendants who have appealed this case, were engaged jointly with four others, W. A. Hardten, I-I. W. Reushaw, H. J. Renshaw and S. Auernig, in carrying on certain mining operations under a lease in the Cripple Creek district. The plaintiff, Jepson, brought suit against the six lessees, to recover certain sums of money alleged to be due to him for work and labor on the mine, and also for certain sums alleged to be due to five other persons for work and labor, which accounts were assigned to him. Each account was set forth in the complaint in a separate count, and as an independent cause of action. The total amount for which judgment was claimed under the various causes of action was $559. The appellants in this court, Welch and Loveland, filed a joint answer, denying generally all of the allegations of the complaint. The case came up for trial on the day alleged to have been previously fixed by the county court therefor. Defendants Welch and Loveland did not appear. Plaintiff first dismissed as to the four defendants other than the appellants, and then proceeded to trial on the case as made by the complaint and the answer of defendants Welch and Loveland. Some proof was introduced in favor of the allegations of the complaint, and judgment was rendered against the two defendants for $580.20, and costs of suit. Within two days thereafter, these defendants filed a motion supported by affidavits to set aside the judgment, on the ground that they had received no notice of the setting of the case for trial. Upon the hearing of this motion, an order was made that it be allowed upon condition that the defendants pay all the costs of the former trial, amounting to the sum of about $40.00. This they declined to do, and brought the case to this court on appeal.
The first assignment of error is predicated upon the setting *522 of the cause for trial and the trial‘thereof, without any notice' having been given to the defendants. This question has recently been considered by this court in two cases, and has been settled adverselyto the contention of the defendants. Cochrane v. Parker, 12 Colo. App. 169; Davis v. Peck, 12 Colo. App. 259. The reasons for such ruling are fully set forth in the opinions in these two cases, and it is not necessary to repeat them here. We are not cited to any rule of the county court of El Paso county which required notice of trial or the fixing of a day for trial to be given to the parties, and in the absence of such a rule, the failure to give such notice was not reversible error.
There is, however, another assignment of error which has more force, and which compels us to reverse this judgment. It is in substance that the evidence was insufficient to sustain the judgment. Ordinarily, under the well settled rule frequently announced by this court and by the supreme court, if there is any evidence upon which the judgment could be sustained, it would not be interfered with by this court, even though we might have grave doubts as to its sufficiency, as it appears in the abstract. In this case, however, there was an utter failure of any testimony whatever to sustain two causes of action, aggregating in the amount claimed, $417, being nearly four fifths of the total amount for which judgment was prayed. We refer to the accounts of Fred Renshaw, a brother of two of the original defendants, for the sum of $378, and of Hugh Laughlin, for $39.00. With respect to these two accounts, they were not supported by any testimony whatever. H. J. Renshaw, who was one of the original defendants, and as to whom this action was dismissed for want of service, was the chief witness for the plaintiff on the trial, and testified in regard to the claim of his brother as follows:
“ Q. Fred Renshaw was employed upon that lease?
“A. Yes, sir.
“ Q. Do you know what the balance is due him for work?
“ A. I know there is a balance, but don’t know what it is.”
*523 This was all the evidence in support of Fred. Renshaw’s claim, and it is needless to say, is utterly insufficient to support it. There was also no testimony whatever in support of the claim of Hugh Laughlin. The judgment was rendered as a whole, and for a larger amount than the sum claimed in the complaint. Under the peculiar circumstances of this case, as apparent from the record, we do not feel justified in entering a judgment in this court for the sum which was proven, as we might have the power to do in some cases. Indeed, this would probably be unsatisfactory to both parties. We think the ends of justice would be better subserved by a reversal of this judgment, and the remanding of the cause for a new trial.
It will be so ordered.

Reversed.