[No. 7374.]

County Court of Phillips County v. The People ex rel.

1. Certiorari—*Jurisdiction.* The limit of the power of the reviewing court is to ascertain from the record of the inferior tribunal, and from that alone, whether that court regularly pursued its authority, or greatly abused its discretion (Code Sec. 337). The allegations of the petition, and the affidavits filed therewith are not to be considered.

2. ——*Scope of the Writ.* Mere irregularities are not reviewed by certiorari.

3. ——*Findings of Inferior Court—Effect.* The inferior court in disposing of a motion for a new trial, found and declared that that court "was regularly in session when the judgment complained of was entered, a jury regularly impaneled, and that counsel for defendant had actual notice that the court would be and was in session." Held conclusive on the court of review.

4. Practice—*Setting Cause for Trial.* Unless required by statute or rule of court there is no necessity that a cause be set down for trial at a particular date. It must be assumed that causes at issue will be tried when reached.

5. Evidence—*Judicial Notice—Rules of Court.* The rules of the inferior courts are not judicially noticed in the court of review.

6. New Trial—*Motion—Affidavit of Merits—Time of Filing.* It is not an abuse of discretion to reject an affidavit of merits presented at the hearing of the motion.

7. ——*Affidavit Must State Facts.* The affidavit must state the facts constituting the supposed defense. The mere allegation that defendant has a meritorious defense is not sufficient.

*Error to Phillips District Court.*—Hon. H. P. Burke, Judge.

Mr. C. D. Walrod, Mr. E. T. Wells, for plaintiff in error.

Mr. E. E. Whitted, Mr. Robert H. Widdicombe, for defendant in error.

Mr. Justice White delivered the opinion of the court:

In a *certiorari* proceeding the district court annulled a judgment of the county court of Phillips county, rendered in favor of J. W. Webermeier against The Chicago, Burlington & Quincy Railroad Company for damages sustained by reason of fire set out by the defendant in the operation of its railroad. The cause is brought here for review. It is contended that district courts have no jurisdiction to issue the writ to review proceedings of county courts in cases of this character; but, if such jurisdiction does exist, petitioner, nevertheless, had a plain, speedy and adequate remedy at law; and that the county court in no wise exceeded its jurisdiction or abused its discretion in the premises.

We shall not determine whether the writ of *certiorari* properly issued in this case, as the judgment of the district court must be reversed and that of the county

court affirmed, even though we should assume jurisdiction in the former court to issue the writ. It is elementary that when a writ of this character is granted upon a proper petition, and the inferior tribunal certifies its record in response thereto, the limit of the power of the reviewing court is to ascertain from that record alone whether the inferior tribunal regularly pursued its authority, and thereupon pronounce judgment accordingly. § 337 Code Civil Proceed., 1908, *County Court v. Eagle Rock Co.,* 50 Colo. 365, 115 Pac. 706, *Morefield v. Koehn,* 53 Colo. 367, 127 Pac. 234.

Instead of confining itself to such limitations the district court apparently determined the controversy from the allegations in the petition, and an affidavit contradicting the certified record.

The certified record shows, and it is conceded, that the county court had jurisdiction of the subject-matter of the litigation, and of the parties thereto. The suit was commenced October 19, 1909. November 6th thereafter defendant interposed a motion to make the complaint more specific. This motion was overruled on March 14, 1910, at the regular January term of court, and defendant given four days in which to plead. On March 15, 1910, the defendant filed a general demurrer, transmitting the same by mail; thereafter on the same day the demurrer was heard in open court, overruled, and defendant given twenty-four hours from 2 P. M. of that day in which to plead. By telegram the defendant was apprised of the action of the court in the premises. Within the time so allowed, the defendant filed an answer in the nature of a general denial, transmitting the same by mail. Thereafter, on March 16, 1910, at 3 P. M. the case was called for trial and heard before a jury, resulting in a verdict and judgment for plaintiff, the record reciting, *inter alia,* that the cause had been entered upon the calendar and came on regularly for trial, the plaint-

iff appearing in person, and by counsel, and the defendant, failing to appear and make further defense, the case was regularly called and, at the request of the plaintiff, brought to a hearing. On April 20, 1910, at the ensuing term of court, the defendant, under section 81, Code of Civil Procedure, R. S. 1908, filed a motion to vacate the judgment upon the grounds that it had been entered prematurely, in vacation, and without notice or knowledge upon the part of defendant. The motion was supported by the affidavit of one of the counsel for defendant. Counter-affidavits were filed, a hearing had, and the motion determined adversely to defendant. The court in its findings and judgment thereon stating, *inter alia,* that "this court was regularly in session for the trial of jury cases on March 15 and 16, 1910, and at the time the decree complained of was rendered; that a jury regularly empanelled was in attendance upon the session of said court; that counsel for defendant had actual notice that said court would be and was in session," etc.

The finding and declaration of the county court entered at the time of the trial, and in disposing of the motion for a new trial, are necessarily conclusive upon reviewing courts in proceedings of this character. Such courts can not disregard the unequivocal statements of the record. The claim that the cause was tried without having been previously set down for trial, and without knowledge upon the part of defendant that it would be tried, are equally without merit. It must be presumed that actions pending, in which the issues are made, will be tried when reached. Unless required by statute or a rule of court, there is no necessity that causes be previously set down for trial at a particular date and the parties notified thereof. We have no such statute and the record before us fails to disclose the existence of a rule of court to that effect, and none will be presumed.

*Cochrane v. Parker,* 12 Colo. App., 169, 171, 54 Pac. 1027; *Davis v. Peck,* 12 Colo. App., 259, 55 Pac. 192; *Welch v. Jepson,* 13 Colo. App., 520, 522, 58 Pac. 789; *Union Brew. Co. v. Cooper,* 15 Colo. App., 65, 67, 60 Pac. 946.

It is elementary that courts have inherent power to dispose of causes in due order which are brought before them. If parties, or their counsel, neglect to attend the courts and give proper attention to their cases, we can not relieve them of the consequences of their neglect. *Clifford v. Mason,* 6 Colo., 603.

In the memorandum of proceedings in the county court, it appears that prior to the filing of the answer, subpoenas were issued for certain witnesses and the "case set for trial March 16, 1910, at 2:15 P. M.," and it is contended that this shows that plaintiff caused the case to be set for trial before the issues were made. This may all be true and still in no sense constitute an invasion of defendant's substantial rights. The cause was not tried until the issues were made, and the witnesses could have properly testified whether subpoenaed or not. Moreover, mere irregularities are not reviewed by means of the writ of *certiorari.*

But, it is claimd that the action of the county court, in its refusal to set aside the judgment against the defendant, was a most flagrant abuse of discretion warranting the decree and judgment of the district court. We are not impressed with this contention. When we bear in mind the proceedings in this case admittedly known by defendant, it would seem that proper respect for the court and defendant's own interests would have prompted the latter to actually appear and give proper attention to its case. The very fact that defendant was required to plead further within twenty-four hours after demurrer overruled, should have been sufficient to cause a prudent and cautious person to personally appear in court and protect his interests. Instead,

defendant prepared a general denial of plaintiff's cause of action, transmitted it to the court by mail, and gave the matter no further attention until it was called upon to respond to the judgment under an execution duly issued thereon.

Moreover, the motion for a new trial was not supported by an affidavit showing a meritorious defense to the action. The record discloses that the motion was filed April 20, 1910, supported by an affidavit setting forth only the alleged irregularities and want of notice upon the part of defendant. Thereafter, upon hearing, the plaintiff questioned the sufficiency of this affidavit, because it failed to show a meritorious defense. Thereupon the defendant presented an additional affidavit by one of its counsel, whereby it sought to supply the omission of the former affidavit in that respect. The court sustained an objection interposed by plaintiff, and refused to file the affidavit for the reason that it was presented "too late and out of time." Doubtless the court, in its discretion, might have properly received the additional affidavit, but it was clearly not an abuse of discretion to reject it.

But, be that as it may, the offered affidavit of merits was insufficient, as it stated no facts constituting the supposed defense. The mere allegation that defendant has a meritorious defense is insufficient. *Union Brewing Co. v. Cooper, supra.*

The judgment of the district court is reversed and the cause remanded, with instructions to affirm the judgment of the county court.

*Reversed and Remanded with instructions.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.

Decided June 2nd, A. D., 1913, Rehearing denied July 7th, A. D., 1913.