JOSEPH F. JOERG, PROSECUTOR, v. WALTER C. ALBERTS, RECORDER, AND RECORDER'S COURT OF ROSELLE PARK, NEW JERSEY, RESPONDENTS.

Submitted December 9, 1942—Decided December 23, 1942.

For the prosecutor, *Carl J. Yagoda.*

For the respondents, *John E. Barger,* Assistant Attorney-General, acting as Prosecutor of the Pleas of Union County.

COLIE, J. Prosecutor was arrested in Roselle Park, Union County, at 9:40 A. M., July 1st, 1942, charged with having violated *R. S.* 39:4-50 in that he operated a motor vehicle at the time and place aforesaid while under the influence of intoxicating liquor. There was plenary evidence to support the conviction but nevertheless it must be reversed. The defendant asserts that he had been almost without sleep for some forty-six hours previous to his arrest. He also asserts that he was under the care of a physician who prescribed a medicine of which prosecutor had taken two doses on the morning of his arrest. The undisputed evidence shows that he was arrested at 9:40 A. M.; that the arresting officer radioed to headquarters to have a doctor attend to examine prosecutor. The examination was had by 10:00 A. M. Prosecutor was then led to a cell where he fell into a sound sleep until 11:30 A. M., when he was awakened, taken before the recorder, the complaint read to him at 11:55 A. M., a trial had and sentence imposed. The return to the writ sets forth

that the arresting officer and the doctor were sworn and testified, but prosecutor's affidavit specifically denies that he heard either the doctor or officer testify. It may be that if prosecutor had been given time to communicate with his doctor, his employer and his lawyer, a defense could have been established.

From arrest to the start of the hearing, two hours and a quarter elapsed, for one hour and a half of which prosecutor was in a sound sleep. Such unseemly and wholly unnecessary haste is not conducive to the proper administration of justice and the reason offered by the recorder "that he had been informed that Dr. Lieberman was to go in the army any day" is unimpressive.

The judgment of conviction is reversed.