No. 17,765.

MARVIN C. MESCH, AS MEADOW LAKE RESORT *v.* BOARD OF COUNTY COMMISSIONERS OF ROUTT COUNTY, COLORADO.
(293 P. [2d] 300)

Decided February 6, 1956.

Mr. BEN T. DALAHAY, for plaintiff in error.

Mr. C. R. MONSON, Mr. ROBERT T. GLEASON, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE ALTER delivered the opinion of the Court.

MARVIN C. MESCH as *applicant,* on April 2, 1955, filed a *motion* in the district court, naming the Board of County Commissioners of Routt County, Colorado, as *licensing authority,* in which was sought an order by the district court directing the County Clerk and Recorder of Routt County, Colorado, to certify to the court copies of all the records of the Board of County Commissioners of Routt County, Colorado, pertaining to an application for a restaurant license for the sale of beer, wine and spiritous liquors, alleging in his *motion,* that said *licensing authority* in refusing his license abused its discretion and acted arbitrarily and capriously. No summons, citation or other process of the court was ever issued or served upon the *licensing authority.* Thereafter and on June 7, 1955, three affiants claiming to be the County Commissioners of Routt County, Colorado, filed an affidavit setting forth therein six reasons for denying Mesch's application, none of the reasons being statutory. Thereafter and on June 11, 1955, *applicant* filed his affidavit, explaining in part one of the six reasons assigned in the affidavit of the three Commissioners.

Thereafter the record discloses a Memorandum of Authorities was filed by *applicant's* attorney; this was followed by a Memorandum of Authorities in behalf of *licensing authority* filed by attorneys for the Board of County Commissioners. On August 22, 1955, the court entered a "Memorandum of Decision and Judgment," which reads in part, "and it is the judgment and ruling of the Court that the *motion* filed by the applicant be and is hereby denied and the proceeding dismissed, and the order and action of the Board of County Commissioners in denying the license sustained and confirmed." Motion for new trial was deemed unnecessary.

Mesch and the Board of County Commissioners of Routt County, Colorado, were designated in the *motion* as *applicant* and *licensing authority,* respectively, and herein the parties are so designated.

*Applicant* has sued out this writ of error seeking a reversal of the court's "Memorandum of Decision and Judgment."

The record here discloses a proceeding that is unique; it is sui generis and without precedent either in the district or supreme court in this state. The court in its "Memorandum of Decision and Judgment" specifically states: "This action was instituted by the filing of a *motion* * * *" and its judgment is "that the *motion* filed by the *applicant* be and is hereby denied and the proceeding dismissed. * * *"

There are references in the trial court's "Memorandum of Decision and Judgment" indicating that the cause may have been considered as an agreed statement. If so error was committed because of non-compliance with Rule 7 (d), R.C.P. Colo.

The record supports the conclusion that it was the intention of plaintiff's counsel to maintain the action under the provisions of Rule 106 (a) (4), R.C.P. Colo., which is the only method provided by our rules for a judicial determination in an action such as is attempted by the record here. It reads:

"Where an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and *there is no plain, speedy and adequate remedy. Upon the filing of the complaint the court shall direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not be allowed.* * * * Review shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion." (Italics ours.)

Rule 106 (b) reads:

"Where a statute provides for review of the acts of any inferior tribunal (whether court, board, commission, or officer) by certiorari or writ of review, or for a proceeding in quo warranto, relief therein provided may be had under this rule."

The record discloses that the provisions of Rule 106, supra, were wholly disregarded by the attorney for *applicant.* There is no complaint, and even if the motion be considered a complaint, it lacks the necessary allegations to give the court jurisdiction of the subject matter. There was no citation or other process issued requiring the *licensing authority* to make an appearance, and the affidavits filed by the members of the Board of County Commissioners were insufficient to give the court jurisdiction of the *licensing authority* and should not have been considered by the court.

The court had jurisdiction of neither the subject matter nor the *licensing authority* and rather than attempt a decision, should have dismissed.

The writ of error is dismissed and the cause remanded to the trial court with instructions to set aside its "Memorandum of Decision and Judgment" and dismiss the proceeding.