No. 18,483.

JUSTICE COURT OF MONTEZUMA COUNTY, C. R. BOWERS, JUSTICE, ET AL. *v.* PAUL COLEMAN, ET AL.
(320 P. [2d] 336)

Decided January 13, 1958.

Messrs. ARMSTRONG & THOMPSON, for plaintiffs in error.

Messrs. MILENSKI & PARGA, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THE writ of error issued in this cause was directed to the judgment of the district court of Montezuma county entered in proceedings there filed, invoking the remedies provided for by Rule 106 (4) R.C.P. Colo.

The "Complaint" filed in the district court action alleged as a "First Claim for Relief" the following:

"1. That on or about August 27, 1957, the Cortez Collectors, Inc., Assignee, did cause to be issued by C. R. Bowers, Justice of the Peace in Montezuma County, a Writ of Replevin, a copy of which is attached hereto and incorporated herein and marked Exhibit "A."

"2. That such Writ was served upon petitioners herein upon August 27, 1957.

"3. That upon the same day C. R. Bowers, Justice of the Peace, without hearing or issuance of any other process and prior to the day set for hearing of such Writ did enter judgment against petitioners and in favor of Cortez Collectors, Inc., Assignee, for an amount of $71.15, all without right or authority and in excess of such Justice's Jurisdiction.

"4. That plaintiffs herein are not indebted to any person for such an amount.

"5. Plaintiffs have no plain, speedy and adequate remedy."

In a second count it was alleged:

"1. That plaintiffs herein did purchase from the Sew More Sewing Center of Wheat Ridge, Colo., one portable electric sewing machine and attachments #NLB 392137 for a total purchase price of $134.96.

"2. That there is a balance due of $27.90 upon such purchase price.

"3. That upon August 27, 1957, a person representing himself as an agent of Cortez Collectors, Inc., did call upon plaintiffs herein at their home in Cortez, Colorado, and demand such sewing machine.

"4. That plaintiffs tendered to such person $27.90 to pay and discharge the obligation upon such machine, but such tender was refused.

"5. That upon August 27, 1957, Cortez Collectors, Inc., did cause to be issued and served upon plaintiffs a Writ of Replevin per Exhibit "A" and did take possession of said sewing machine contrary to plaintiffs' wishes.

"6. That upon the same day plaintiff Paul Coleman did call at C. R. Bowers' office and did tender to C. R. Bowers the sum of $27.90 in full payment of said obligation.

"7. That C. R. Bowers did refuse such tender and did upon the same day enter judgment in favor of Cortez Collectors, Inc., and against these plaintiffs in the amount of $71.15, all without hearing, prior to the day set for hearing, without issuance of proper process as provided by law and in excess of C. R. Bowers' jurisdiction.

"8. That plaintiffs have, because of C. R. Bowers' arbitrary action, been deprived of due process of law.

"9. Plaintiffs have no plain, speedy or adequate remedy."

The prayer of the complaint was that the defendants be enjoined from taking any action to enforce said judgment; that the judgment be held for naught; and that citation issue to the defendant Justice of the Peace to show cause why the relief prayed for should not be granted.

The trial court issued the citation as requested and defendants entered their appearance and filed their joint "Motion to Dismiss or Quash." The motion was grounded upon the assertions that (1) the complaint did not comply with any approved form recognized by statute or rule; and (2) the complaint did not state a claim upon which relief could be granted against either defendant.

The final judgment of the court explains the events that followed in the following language:

"This matter having come on to be heard this 1st day of October, 1957, at the hour of ten A.M. the time specified in an Order heretofore issued by the Court directing the Defendants herein to show cause why the Justice of the Peace Court of C. R. Bowers should not be restrained from any further proceeding in an action wherein Cortez Collections, Inc., as assignee is plaintiff, and Paul Coleman and Mrs. Paul Coleman are defendants;

"The plaintiffs appearing by their attorney Robert Parga of the law firm of Milenski and Parga, and the defendants by their attorneys Armstrong and Thompson;

"Whereupon, the defendants moved to quash or dismiss this action, and the Court reserved ruling thereon until after hearing the evidence;

"Petitioners presented evidence in support of their petition which was heard by the Court; Defendants tendered no evidence and no showing was offered in their behalf by way of evidence;

"Whereupon, the Court having heard the evidence and the arguments of counsel, and being now sufficiently advised in the premises; doth overrule the motion to dismiss the complaint or to quash the writ heretofore entered herein;

"And the Court having found from the evidence that the allegations of the complaint have been sustained;

"And it appearing that defendants have failed to show cause why the restraining order and writ issued herein should not be made permanent;

"It is therefore the Order, Judgment and Decree of this Court that:

"The defendants Justice Court of Montezuma County, C. R. Bowers, Justice; and Cortez Collections, Inc., Assignee, do be and hereby are restrained from further proceedings to collect under the judgment which appears to have been entered erroneously as set forth in the complaint; that said Justice of the Peace, within 30 days after receipt of a copy of this order; shall set a time for trial of the issues in the case pending before him and the

subject matter of this action, giving at least three days notice of the time and place thereof to the respective parties; and that he may thereupon enter judgment upon the evidence that may then be presented to his said Court in accordance with law.

"The Court finds that a motion for new trial if filed herein would be overruled and is therefore dispensed with.

John H. Galbreath, Judge."

At the conclusion of the taking of evidence, the trial judge commented, inter alia, as follows:

"Now, there have been two mistakes made here, and two wrongs do not make a right. In the first place, I think this case should have been taken on appeal to the County Court where it could have been properly disposed of. In the second place, this Court does have jurisdiction over writs of prohibition, certiorari, and upon this petition which we hold good.

\* \* \*

"We are not going to do an injustice or suffer one to be done. We feel that in view of the showing here there should be a trial held protecting the rights of all concerned, and to ascertain the amount of money due from the petitioners here to the defendants, or to the sewing machine company, or to whomever may hold the indebtedness. \* \* \*

"I think this whole thing should be reviewed by the Justice of the Peace, and if he enters a judgment contrary to either of the parties' idea of justice and good law, then a proper appeal may be made to the County Court, the proper court to entertain appeals from the Justice Court. However, within our equity powers we are going to say that we take jurisdiction over this matter. \* \* \*"

The formal judgment hereinabove quoted thereupon was entered.

 There is a wide discretion vested in the court to which a petition is addressed seeking relief in the

nature of prohibition. The trial court in the instant case, in the exercise of that discretion, saw fit to issue the rule and upon hearing saw fit to afford relief. We cannot say that the court abused its discretion. The only point urged for reversal is that the complaint did not state a claim. We think sufficient facts were alleged in the complaint to authorize the trial court, in the exercise of a sound discretion, to grant the relief sought. The judgment of the Justice of the Peace was void. The trial court so held and we approve; however we cannot approve the mandate requiring the Justice of the Peace to set a day for trial and to proceed therewith. The Justice of the Peace court lost jurisdiction upon the entry of its judgment.

The judgment of the trial court restraining enforcement of the judgment of the Justice of the Peace is affirmed. The order remanding the case to the Justice of the Peace for further proceedings is reversed.