CRISWELL, Judge.
Defendant, Ben Gurule, appeals from the order denying his Crim.P. 35(c) motion, by which he attacked the constitutionality of two prior burglary convictions based upon guilty pleas. At the time of the commission of the burglary for which he is presently incarcerated, defendant was on parole for those convictions and thus his sentence was enhanced. See § 18-l-105(9)(a)(II), C.R.S. (1986 Repl.Vol. 8B). He complains that his agreement not to challenge those two prior convictions should be set aside because it was made absent a knowing, voluntary, and intelligent waiver of his rights and because such agreement violates his right to due process, fundamental fairness, and Colorado’s public policy as expressed in § 16-7-301, C.R.S. (1986 Repl. Vol. 8A). We affirm.
In May 1983, defendant tendered his plea of guilty to second degree burglary and the prosecution moved to dismiss three counts of habitual criminal pursuant to a plea agreement. As part of the consideration for the dismissal of the habitual criminal counts, the prosecutor insisted that defendant waive his right ever to attack the validity of two of the prior convictions upon which the habitual criminal counts were based.
I.
The record demonstrates that his 1983 plea was a plea in the form approved *1331 in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), in which defendant continued to maintain his innocence of the offense charged while entering a plea of guilty. He himself indicated that, because he was charged in three counts with being a habitual criminal, his conviction of even a lesser included offense might require the imposition of a life sentence. See § 16-13-101(2), C.R.S. (1986 Repl.Vol. 8A). That record also shows that defendant’s counsel had previously advised him that there might be a potential defect in the advisement at the time his earlier pleas had been entered, and that the court informed him that he was waiving his right to contest those previous convictions. Defendant acknowledged that he understood that his agreement would prevent him from questioning the validity of the prior convictions in the future, but he voluntarily persisted in entering a guilty plea with that understanding.
Hence, there exists evidentiary support for the trial court’s finding that defendant’s guilty plea, and the ancillary waiver of his right not to attack his prior convictions in the future, were undertaken by him voluntarily, knowingly, and intelligently. It is, therefore, binding on this appeal. People v. Corley, 698 P.2d 1336 (Colo.1985).
II.
Defendant further claims that his agreement not to contest the validity of his previous convictions was improper because it was not authorized by § 16-7-301, C.R.S. (1986 Repl.Vol. 8A). We disagree.
That statute describes those situations in which a district attorney is authorized to make a concession or forego prosecution in exchange for a plea of guilty or nolo contendere. The plea agreement in this case falls under § 16-7-301(2)(b), C.R. S. (1986 Repl.Vol. 8A), which authorizes the dismissal of an offense charged when the defendant enters his guilty plea to another offense. The concession or waiver which is claimed to be unauthorized in this case, however, was made by the defendant, not by the district attorney, and the authority granted by that statute to the district attorney does not constitute any measure of the defendant’s authority to waive a right.
In contending that a plea agreement not given statutory sanction by § 16-7-301, C.R.S. (1986 Repl.Vol. 8A) should not be enforced, defendant relies on People v. Marquez, 644 P.2d 59 (Colo.App.1981). There, an agreement was held to be unenforceable by the defendant because it involved a concession by the district attorney that was outside the scope of his statutory and inherent authority. However, since there is no claim here that the district attorney waived a right which the statute does not authorize him to waive, the Marquez holding is inapplicable.
A defendant does not require legislative authorization to waive an alienable constitutional right, which includes his right to due process. Such rights, whenever assertable, may be waived. See Geer v. Alaniz, 138 Colo. 177, 331 P.2d 260 (1958); see also People v. Velarde, 739 P.2d 845 (Colo.1987) (parolee may, by prior agreement, waive right to challenge extradition). A defendant’s right to challenge the constitutionality of a prior criminal conviction obtained through his guilty plea is such a right. Effective waiver requires only voluntary action based upon knowledge of the consequences. Toland v. Strohl, 147 Colo. 577, 364 P.2d 588 (1961).
For the purposes of the sentence imposed in the very proceedings in which he waived such right, defendant’s waiver of his right to challenge his prior conviction is valid and enforceable. We do not address the question whether such waiver would be enforceable for other purposes.
The order is affirmed.
VAN CISE and STERNBERG, JJ., concur.