2013 COA 56

**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Louis MADDEN, Defendant–Appellant.**

**Court of Appeals No. 09CA2081**

Colorado Court of Appeals,
Div. VI.

Announced April 25, 2013

Rehearing Denied June 6, 2013

John W. Suthers, Attorney General, John J. Fuerst III, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Ned R. Jaeckle, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

## ORDER REVERSED AND CASE REMANDED WITH DIRECTIONS

Opinion by JUDGE GABRIEL

¶1 Defendant, Louis Madden, appeals the district court's order denying his request for a refund of restitution. For the reasons set forth in *People v. Nelson*, 2013 COA 58, 369 P.3d 625, which we also decide today, we conclude that Madden is entitled to a refund of the restitution that he paid in connection with his vacated conviction and that he may seek such a refund from the state in the context of this case. Accordingly, we reverse and remand for further proceedings.

### I. Background

¶2 Madden was convicted of attempted patronizing a prostituted child and attempted third degree sexual assault by force, and he was ordered to pay restitution in the amount of $910. The supreme court ultimately reversed the conviction for attempted patronizing a prostituted child but upheld the attempted third degree sexual assault conviction. *People v. Madden*, 111 P.3d 452, 459 (Colo. 2005).

¶3 Thereafter, Madden sought relief pursuant to Crim. P. 35(c), arguing that his trial counsel was constitutionally ineffective. The postconviction court granted Madden's motion, vacated his remaining conviction, and ordered the prosecution to advise the court within thirty days whether it intended to retry Madden. The prosecution advised the court that it would not appeal the postconviction court's order or retry the case.

¶4 Madden then moved for a refund of the fees and costs, including the restitution, that he paid pursuant to his now vacated conviction. The postconviction court conducted a hearing on this motion and ordered a refund of all monies paid except for the restitution. Although the court expressly recognized that there was no longer any conviction, it stated that it could not see requiring the victim to have to pay anything back just because Madden's attorney was ineffective. In the court's view, "[i]t wasn't anything that [the victim] did wrong."

¶5 Madden now appeals.

### II. Discussion

¶6 In *Nelson*, ¶1, decided today, we held that a defendant whose conviction is overturned on appeal is entitled to seek a refund of the restitution paid in connection with the overturned conviction when the People fail to prove on remand the defendant's guilt of the charged crimes beyond a reasonable doubt (e.g., due to a subsequent acquittal or a decision not to retry the defendant). We further held that such a defendant may seek the refund of restitution from the state in his or her criminal case without having to file a separate proceeding. *Id.*

¶7 Applying that reasoning here, we conclude that Madden is entitled to a refund of the restitution that he paid in connection with his now overturned conviction and that he may seek a refund by filing a motion in this case.

¶8 In reaching this conclusion, we acknowledge that at least one court has held that a refund of restitution is inappropriate when a conviction was affirmed on direct appeal but all remaining charges were later

dismissed in the context of a collateral attack on that conviction. Specifically, in *United States v. Hayes*, 385 F.3d 1226, 1228 (9th Cir. 2004), the defendant was convicted, and his conviction was affirmed on appeal, but he ultimately filed a successful habeas corpus petition, which resulted in an order vacating his conviction and requiring a new trial. The government, however, chose not to retry the defendant and dismissed the case, and the defendant filed a motion for a refund of the restitution, special assessments, and costs that he had paid. *Id.* The court granted the motion as to the special assessments and costs but denied it as to the restitution. *Id.* at 1230. With respect to the restitution, the court concluded that if the government retained restitution funds paid by the defendant until his or her conviction became final and then distributed those funds to the victims, then the defendant has no right to recover such sums from the government. *Id.* The court reasoned that in such cases, the government merely served as an escrow agent pending the final judgment and at the proper time paid the funds over to the victims. *Id.* The court further observed that the government acted properly in holding the restitution funds until the conviction became final. *Id.*

¶ 9 We are not persuaded that we should adopt a rule that so distinguishes between cases in which a defendant is retried and acquitted after a reversal on appeal and those in which a conviction is ultimately nullified in the context of a collateral attack on that conviction. Such a distinction would rest the pertinent inquiry on whether the state had acted wrongfully. In our view, however, the proper focus should be on returning the defendant to the status quo ante. *See Cooper v. Gordon*, 389 So.2d 318, 319 (Fla. Dist. Ct. App. 1980) (holding that on reversal and remand for a new trial, the district court retained the inherent power "to correct the effects of its own wrongdoing and restore the petitioner to the status quo ante," and thus further holding that the district court had jurisdiction to entertain the defendant's motion for a refund of the fines, costs, and restitution that he paid before his conviction was reversed); *see also Toland v. Strohl*, 147 Colo. 577, 586, 364 P.2d 588, 593 (1961)

(noting, in the context of a motion for a refund of fees and costs, that when a conviction is vacated, the parties should be returned to the status quo by allowing such a refund). In this regard, we agree with the court's statement in *United States v. Venneri*, 782 F.Supp. 1091, 1093 (D. Md. 1991), that in a case such as this, "[t]he interests of justice make it imperative that the [defendant] receive a refund of his restitution."

¶ 10 We likewise are not persuaded by the People's assertion that because Madden was never exonerated, this case is analogous to the division's decision in *People v. Daly*, 313 P.3d 571, 578 (Colo. App. No. 10CA0580, June 9, 2011). In *Daly*, the defendant's conviction was abated by operation of law when the defendant died while his appeal was pending. *Id.* at 572. Accordingly, in that case, the prosecution had proved the defendant's guilt beyond a reasonable doubt, and that judgment was never reviewed or overturned on its merits by an appellate court. Indeed, due to the defendant's death, the prosecution was deprived of the opportunity to defend its judgment on appeal, and the judgment was abated through no actions of the prosecution. *Id.* at 578.

¶ 11 Here, in contrast, Madden's conviction was vacated in postconviction proceedings, and the prosecution chose not to appeal the postconviction order or to retry the case. Thus, the prosecution did not ultimately prove Madden's guilt beyond a reasonable doubt, and as a result, there is no conviction to which restitution could properly be tied. *See Nelson*, ¶ 12 (noting that restitution must be tied to a valid conviction). In these circumstances, we conclude that the restitution order cannot stand. *See id.* Indeed, to hold otherwise would allow a prosecutor to preserve an unfounded restitution award merely by choosing not to retry a case in which the judgment was invalidated on appeal or in postconviction proceedings, subject to retrial. In our view, such a scenario would be absurd, and, thus, we cannot countenance it.

¶ 12 Accordingly, we conclude that Madden is entitled to a refund of the restitution that he paid in connection with his now overturned conviction. We again note, however,

as we did in *Nelson*, ¶ 34, that the issues presented in this case may well lend themselves to legislative action, and we encourage the General Assembly to consider these issues.

### III. Conclusion and Remand Order

¶ 13 For these reasons, the order is reversed, and the case is remanded to the district court to award Madden a refund of the restitution that he paid in this case.

JUDGE LOEB and JUDGE VOGT * concur.